**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MANZOOR JAGHOORI,**

                   **Petitioner,**

      **v.**                                                    **CASE NO. 21-3229-SAC**

**STATE OF KANSAS,**

                   **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that it contains exhausted and unexhausted claims. Thus, the Court will direct Petitioner to inform the Court, in writing, whether he wishes the Court to dismiss the petition without prejudice to refiling after he exhausts all his claims in state court or he wishes to proceed on the exhausted claims only.

**Background**

    In 2006, Petitioner was involved in "an altercation" when he was part of an attempt to regain possession of some stereo speakers Gregorio De Lau had repossessed from Ashley Clark, who was Petitioner's girlfriend and De Lau's former girlfriend, when she failed to pay him as agreed. *State v. Jaghoori*, 2016 WL 4262485, *1

---

[1] Don Langford, the current Warden of Ellsworth Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

(Kan. Ct. App. Aug. 12, 2016) (unpublished opinion) (*Jaghoori III*), *rev. denied* Feb. 17, 2017. De Lao later testified that during the altercation, after other men punched and kicked him, Petitioner asked for the keys to De Lao's car. *Id.* at *1. To avoid being beaten again, De Lao gave the keys to Petitioner and someone—De Lao did not see who—drove away in his car. *Id.* Other witnesses corroborated the testimony, but testified that Petitioner gave the car keys to a woman who drove the car away. *Id.* at *2. Clark later testified that Petitioner handed her the keys and she drove the car away while Petitioner rode in the passenger's seat. *Id.*

In August 2007, a jury convicted Petitioner of four felonies. *State v. Jaghoori*, 2009 WL 2762457, at *1 (Kan. Ct. App. Aug. 28, 2009) (unpublished opinion) (*Jaghoori I*), *rev. denied* June 24, 2010; Online records of Johnson County District Court, case number 06CR02474. Although the Kansas Court of Appeals (KCOA) affirmed the convictions on direct appeal and the Kansas Supreme Court (KSC) denied review, Petitioner then brought a successful K.S.A. 60-1507 motion arguing ineffective assistance of trial counsel. *Jaghoori v. State*, 2013 WL 5925964, *1-2 (Kan. Ct. App. Nov. 1, 2013) (unpublished opinion) (*Jaghoori II*), *rev. denied* April 2, 2014. The district court granted the motion and ordered a new trial, a decision the KCOA affirmed on appeal and on which the KSC denied review. *Id.* at *1, 9.

At the conclusion of the second trial, a jury convicted Petitioner of aggravated robbery and he was sentenced to 216 months in prison. *State v. Jaghoori*, 2016 WL 4262485, *1-2 (Kan. Ct. App. Aug. 12, 2016) (unpublished opinion) (*Jaghoori III*), *rev. denied* Feb. 17, 2017. The KCOA affirmed the conviction on direct appeal

and the KSC denied review. *Id.* Petitioner then filed a K.S.A. 60-1507 motion which the district court denied without holding an evidentiary hearing. *Jaghoori v. State*, 2021 WL 833560, *1 (Kan. Ct. App. Mar. 5, 2021) (unpublished opinion) (*Jaghoori IV*), *rev. denied* Aug. 31, 2021. On appeal, the KCOA affirmed the denial and the KSC denied review. *Id.* Petitioner timely filed his federal habeas petition in this Court on September 22, 2021. (Doc. 1.) His four grounds for relief are discussed in detail below. Petitioner asks the Court to "dismiss [his] conviction of aggravated robbery." *Id.* at 14.

**Standard of Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (citation omitted). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). The exhaustion requirement exists to "give state

courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion, or "[i]n all appeals from criminal convictions or post-conviction relief on or after July 1, 2018," he must have presented a claim to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

### Ground One

As Ground One for relief, Petitioner claims he is actually innocent and he should not have been convicted on the testimony presented at the second trial, including Clark's "confession" that she drove the car away from the scene. (Doc. 1, p. 5.) To his credit, Petitioner concedes he did not raise the issue in his direct appeal. *Id.* He asserts that he raised it in his K.S.A. 60-1507 proceedings "under ineffective assistance of trial counsel" but he candidly admits that his appellate counsel in those proceedings failed to argue it on appeal "for some unknown reason." *Id.* at 6. Because the basis for Ground One was not presented to the state appellate courts, Ground One was not properly exhausted.

### Ground Two

As Ground Two, Petitioner asserts the trial judge committed

judicial misconduct by (1) violating Petitioner's Fifth Amendment rights when the judge allowed Petitioner's testimony from the first trial to be read at the second trial and (2) violating Petitioner's Sixth Amendment confrontation rights when the judge allowed the first-trial testimony of certain other witnesses to be read at the second trial. *Id.* at 6-7. As with Ground One, Petitioner concedes that he did not raise Ground Two in his direct appeal and, although he raised it in his initial 60-1507 motion, his appellate 60-1507 counsel did not raise it on appeal.[2] *Id.* at 7. Thus, like Ground One, Ground Two contains only a claim that Petitioner failed to exhaust in the state courts.

### Ground Three

As Ground Three, Petitioner asserts that he was convicted of a crime with which he was never charged because the jury instructions improperly broadened the language in the complaint. *Id.* at 8. Petitioner properly exhausted Ground Three in state court. *See Jaghoori III*, 2016 WL 4262485, at *2.

### Ground Four

As Ground Four, Petitioner alleges ineffective assistance of counsel at his second trial. (Doc. 1, p. 9-10.) Although Petitioner raised ineffective assistance of second-trial counsel in the state courts, he did not do so on all the bases he asserts in his federal petition. In the state courts, Petitioner argued that second-trial counsel was ineffective when he "'agreed to a stipulation after [Petitioner] made it clear to the court that he was opposed to it.'"

---

[2] The KCOA did address whether Petitioner's counsel on direct appeal from his second trial was ineffective for failing to argue that the district court erred in admitting Petitioner's first-trial testimony. *Jaghoori IV*, 2021 WL 833560, at *6-7. But Petitioner now frames the issue as one of judicial misconduct, which the state courts had no opportunity to address, so the claim is unexhausted.

*Jaghoori v. State*, Appellant's Brief, 2020 WL 1963417, *12-13. Petitioner's ineffectiveness argument focused on trial counsel's concession during voir dire that Petitioner had a prior conviction. *Id.* at 13-14. Similarly, in its opinion, the KCOA described Petitioner's claim that trial counsel "provided constitutionally defective representation . . . when he asked questions during jury selection about how they might be swayed by [Petitioner's] prior conviction, knowing [Petitioner] had not agreed to stipulate to that fact." *Jaghoori IV*, 2021 WL 833560, at *3.

In his federal petition, however, Petitioner alleges that trial counsel was ineffective not only because of his actions during voir dire, but also for (1) failing to present a defense; (2) failing to cross examine the alleged victims; and (3) failing to file a motion to dismiss the aggravated robbery charge after Clark confessed to taking the car or after the confession "was confirmed" by others. *Id.* at 9-10.

The Tenth Circuit has held that when a petitioner raises a claim of ineffective assistance of counsel in the state court but "based it on different reasons than those expressed in his [federal] habeas petition," the bases which were not alleged in the state court have not been exhausted. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). Thus, the only basis for ineffective assistance of counsel at his second trial that Petitioner has properly exhausted is his claim that trial counsel was ineffective because of his actions during voir dire. The other arguments that counsel was ineffective were not exhausted in state court.

In summary, the information now before the Court indicates that Grounds 1, 2, and all of Ground Four except the claim that

trial counsel provided ineffective assistance during voir dire were not exhausted in the state courts. Thus, this is a mixed petition—one that contains both exhausted and unexhausted claims.

Generally, a federal district court faced with a mixed petition must either dismiss the entire petition without prejudice so that the petitioner may return to state court to exhaust his or her claims or allow the petitioner to resubmit the petition and present only exhausted claims.[3] *Fontenot*, 4 F.4th at 1019. But that rule is not absolute:

> "'If a federal court that is faced with a mixed petition determines that the petitioner's unexhausted claims would now be procedurally barred in state court, "there is a procedural default for purposes of federal habeas."' 'Therefore, instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims.' That is, in appropriate circumstances the court can apply an 'anticipatory procedural bar' to functionally transform unexhausted claims into exhausted ones, thus obviating the need to dismiss a mixed petition.
> "The exhaustion requirement is also excused if returning to state court to present any unexhausted claims 'would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."' The petitioner bears the burden of proving either that state remedies were exhausted or that exhaustion would have been futile." *Id.* at 1019-20 (internal citations and omitted).

---

[3] A third option for a federal district court faced with a mixed petition is to "stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims." *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). This is available only in "limited circumstances" where there was good cause for the failure to exhaust the claims in state court, where the unexhausted claims are not "plainly meritless," and where "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). On the information currently before it, the Court concludes that these conditions are not all present, so abeyance would not be appropriate.

The Court cannot conclude that the state court would find the unexhausted claims procedurally barred on independent and adequate state procedural grounds. Petitioner alleges that the unexhausted claims each, at least in part, were not raised to the Kansas appellate courts due to decisions made by 60-1507 counsel. If Petitioner wishes to initiate proceedings under K.S.A. 60-1507 alleging that his most recent K.S.A. 60-1507 counsel was ineffective, Kansas state courts have in the past entertained such motions. *See Skaggs v. State*, 59 Kan. App. 2d 121,132-34 (Kan. Ct. App. 2020). This Court will not opine on the potential success of such an action by Petitioner in the state courts; the Court merely notes that the opportunity appears available. If Petitioner is successful in such proceedings, the chance exists that he would be able to substantively present to the state courts the currently unexhausted arguments in his federal petition. Thus, the Court will not apply an anticipatory procedural bar.

Accordingly, the Court will direct Petitioner to advise the Court, in writing, whether he wishes the Court to (1) dismiss the petition without prejudice in its entirety so that he may return to state court and attempt to exhaust his claims or (2) dismiss his unexhausted claims and proceed only on the exhausted claims[4]. In the alternative, if Petitioner believes he has exhausted his claims

---

[4] Petitioner should be aware that federal habeas corpus statutes restrict "second or successive" applications for relief, so proceeding only on the currently exhausted claims will affect Petitioner's ability to seek federal habeas relief in the future.

in the state courts, he may present the Court with additional information to show such exhaustion. If Petitioner fails to file a timely response that complies with this order, the matter will be dismissed without prejudice as a mixed petition.

**IT IS THEREFORE ORDERD** that Petitioner is granted until October 28, 2021, in which to inform the Court, in writing, whether he wishes the Court to dismiss the action without prejudice or whether he wishes to proceed only on the exhausted claims. The clerk is directed to substitute Don Langford, Warden of Ellsworth Correctional Facility, as Respondent in this action.

**IT IS SO ORDERED.**

DATED:  This 28th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge