**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MANZOOR JAGHOORI,**

                      **Petitioner,**

       **v.**                                                     **CASE NO. 21-3229-SAC**

**DON LANGFORD,**

                      **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's response to the Court's notice and order to show cause (NOSC) regarding exhaustion. For the reasons stated below, the Court maintains its earlier conclusion that the petition contains unexhausted claims, so the Court will direct Petitioner to either file an amended complaint containing only the exhausted grounds for relief or inform the Court that he wishes the Court to dismiss the petition without prejudice.

On September 28, 2021, the Court issued a NOSC explaining that it appeared Grounds 1, 2, and all of Ground 4 except Petitioner's claim that trial counsel provided ineffective assistance during voir dire were not exhausted in the state courts. (Doc. 4.) Generally, a federal district court faced with a mixed petition must either dismiss the entire petition without prejudice so that the petitioner may return to state court to exhaust his or her claims or allow the petitioner to resubmit the petition and present only exhausted claims. *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th

Cir. 2021). Thus, the Court directed Petitioner to inform the Court which option he preferred or present additional information regarding exhaustion. (Doc. 4.)

Petitioner has filed a response, asserting that all grounds for relief in the petition are exhausted and the Court should proceed on the petition as a whole. (Doc. 5.) Petitioner bases his exhaustion argument on the fact that he raised the arguments now contained in his federal habeas petition in a K.S.A. 60-1507 proceeding in Johnson County District Court. *Id.* at 1. To his response, Petitioner has attached a copy of the 60-1507 motion. *Id.* at 4-7. He also argues that it would be unfair for the Court to decline to address them on their merits. *Id.* at 1.

As noted in the NOSC, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in his federal habeas petition to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion, or "[i]n all appeals from criminal convictions or post-conviction relief on or after July 1, 2018," he must have presented a claim to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Stated another way, raising issues in a state district court but not in a state appellate court does not satisfy the exhaustion requirement.

In summary, Petitioner's response does not establish that he has exhausted in the state courts all of his asserted grounds for federal habeas relief. Rather, only Ground 3 and the portion of Ground 4 asserting that his counsel provided ineffective assistance during voir dire before the second trial were properly exhausted in the state courts. This is a mixed petition that contains both

exhausted and unexhausted claims.

As noted above and in the NOSC, Petitioner has two choices: the Court can dismiss the petition without prejudice so Petitioner can exhaust available state-court remedies or Petitioner can resubmit his petition and present only exhausted claims. As also pointed out in the NOSC, federal habeas corpus statutes restrict second or successive applications for relief, so proceedings only on the currently exhausted claims will affect Petitioner's ability to seek federal habeas relief in the future. See 28 U.S.C. § 2244(b). For example, a claim may not be presented in a second or successive § 2254 petition if it "was presented in a prior application," and an applicant must obtain an order of authorization from the appropriate federal court of appeals before filing a second or successive application in federal district court. *Id.*

If Petitioner wishes the Court to dismiss the petition without prejudice in its entirety so that he may return to state court and attempt to exhaust his claims, he shall inform the Court of that decision in writing on or before November 15, 2021. In the alternative, if Petitioner chooses to proceed only on the currently exhausted claim, he shall submit an amended petition, on court-approved forms, on or before November 15, 2021. The amended petition must contain only the claims now known as Ground 3 and the portion of Ground 4 alleging ineffective assistance of trial counsel based on actions during voir dire for the second trial. It must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference earlier filings with this Court. Any grounds for relief not included in the amended petition will not be

considered before the Court. Petitioner must include the case number of this action (21-3229) on the first page of the amended petition.

If Petitioner fails to comply with this order, the matter will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner is granted until November 15, 2021, in which to file an amended petition in compliance with this order or to inform the Court, in writing, that he wishes the Court to dismiss the action without prejudice. The clerk is directed to send the court-approved § 2254 form to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 15th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge